

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-19-00216-CV
No. 02-19-00217-CV

_____

IN THE MATTER OF F.R.

On Appeal from County Court at Law No. 1
Denton County, Texas
Trial Court Nos. JV-2018-00422, JV-2018-00423

Before Birdwell, J.; Sudderth, C.J.; and Wallach, J.
Per Curiam Memorandum Opinion

**MEMORANDUM OPINION**

These are appeals from a juvenile court's orders modifying its prior dispositions placing appellant F.R. on intensive community supervision and committing F.R. to the Texas Department of Juvenile Justice. *See* Tex. Fam. Code Ann. § 54.05. F.R.'s court-appointed appellate counsel has filed a motion to withdraw and supporting brief in which he states that he has reviewed the record and believes the appeals are frivolous. Counsel's brief and motion meet the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. *See* 386 U.S. 738, 87 S. Ct. 1396 (1967); *In re D.A.S.*, 973 S.W.2d 296, 299 (Tex. 1998) (orig. proceeding) (holding that *Anders* procedures apply to juvenile appeals).

Although we notified F.R. and his mother of the right to request a copy of the record and file a response to counsel's *Anders* brief, neither responded. The State declined to file a brief.

Once an appellant's court-appointed attorney files an *Anders* brief on the ground that the appeal is frivolous and fulfills the requirements of *Anders*, this court is obligated to undertake an independent examination of the record to determine if any arguable grounds for appeal exist. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.). When analyzing whether any grounds for appeal exist, we consider the record,

the *Anders* brief, and any pro se response. *In re Schulman*, 252 S.W.3d 403, 408–09 (Tex. Crim. App. 2008) (orig. proceeding).

We have carefully reviewed the appellate record and counsel's brief. Finding no reversible error, we agree with counsel that the appeals are without merit, and we affirm the trial court's orders. *See, e.g.*, *In re K.C.*, No. 2-09-150-CV, 2010 WL 323532, at *1 (Tex. App.—Fort Worth Jan. 28, 2010, no pet.) (per curiam) (mem. op.). We also grant counsel's motion to withdraw. *See* Tex. Fam. Code Ann. § 51.101(e) (providing that counsel appointed for modification proceeding continues to represent the child until "the court rules on the motion or petition, the family retains an attorney, or a new attorney is appointed"); *In re K.G.*, No. 02-15-00318-CV, 2016 WL 1714144, at *1 (Tex. App.—Fort Worth Apr. 28, 2016, no pet.) (mem. op.).[1]

Per Curiam

Delivered: February 27, 2020

---

[1]*But cf. In re P.M.*, 520 S.W.3d 24, 27–28 (Tex. 2016) (order) (holding that Family Code Section 107.013 requires appointed counsel to represent client through all proceedings in the supreme court unless good cause other than the existence of a frivolous appeal is shown); *In re D.T.*, No. 02-17-00061-CV, 2017 WL 2806323, at *1 (Tex. App.—Fort Worth June 29, 2017, no pet.) (mem. op.) (applying reasoning of *P.M.* to Family Code Section 51.101(a) regarding appeals from non-modification dispositions, which is similar to Section 107.013 and requires attorney to represent child until "the case is terminated" or new counsel is appointed or retained).